I do not see how it can be claimed that there was not a meeting of minds, when the instrument itself proclaims what the defendant desires, and the proof is abundant to show that plaintiff performed in every particular as to that which defendant requested. In fact, there is little or no dispute on that score on the part of defendant; but, while practically admitting this all to be true, he seeks to relieve himself of his obligations, not through any claim of nonperformance of the written contract, or that in so far as the express terms of the written contract are concerned they are not agreed, but because he asserts he made this contract or signed this writing upon the assurance by plaintiff's agent that, as a result of this inspection to be made, his monthly bills would show a deduction of $25. Defendant was allowed to offer proof as to this, although such condition was not expressed in the instrument; and I think the learned court was right in accepting it, and certainly no harm came to the defendant through its admission. But here was a company in no wise connected with the one supplying the light, whose only promise was to inspect the plant installed, and, discerning defects, to report same in a certificate they were to furnish. Their denial of this alleged orally made condition asserted by the defendant, and their proof that what was said was that whether any saying would be made would depend upon their finding defects in the plant, was the probable truth; and the learned justice below saw it that way, and, as against the unlikely assertion of defendant, rightfully determined the issues. As to the pleading setting forth conditions precedent, it is too plain that what that had reference to was that the inspection called for in the contract should be made, and certificates therein provided for should issue, before payment could be demanded; and, although not plainly set forth, it thus clearly alleges that it made the inspection, and issued its certificate, and the proof abundantly sustains them. If any dubiety exists in such cases as is now before us, so as to cause courts annoyance and difficulty in determining what parties really contracted for, and where all the trouble is occasioned by an attempt to really alter and change the form of an expressed contract by proof of oral conditions which could just as easily have been expressed in the contract, if they were ever agreed to or talked about, it strikes me that after a fair trial of the issues, in which both sides have had a fair and full opportunity to amply present their different sides, reviewing courts should be slow to set the judgment aside on technical reading of pleadings. Judgment affirmed, with costs.

GIEGERICH, J. (concurring). I concur in the result reached by Mr. Justice McCALL. The allegation that the parties made a contract in the form set forth in the complaint was a sufficient averment that the plaintiff accepted the written proposal and request signed by the defendant. As to pleading performance, the Code of Civil Procedure (section 533) authorizes the method employed in the complaint. The writing shows that the only conditions precedent to the plaintiff's right of recovery are the inspection therein provided for and the presentation of a certificate of such inspection. The check-

ing of bills for a year from the date of the contract is a duty which under its terms need not necessarily be performed until after the contract price has become due, and has been paid, for that matter. Even if I am in error as to the view, above expressed, that the complaint sufficiently alleges the acceptance of the defendant's written proposition, the want of mutuality, if any, was remedied by performance on the part of the promisee. Willets v. Sun Mutual Ins. Co., 45 N. Y. 45, 47, 6 Am. Rep. 31. As was said by the court in the case cited: "Such a promise, after performance by the promisee, is valid and binding, and is supported by a consideration therefor. Doubtless it lacks mutuality at its inception. There is, then, no consideration, and the obligation of it is suspended. But, when performance of the condition is made, there does then attach a consideration, which relates back to the making of the promise, and it becomes obligatory." In the present case, therefore, there being an allegation of performance of the conditions of the promise, the pleading is good, even though there is no sufficient averment of an original acceptance.

SCOTT, J., dissents.

ELKUS, Respondent, v. E. OSFER & SON, Appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1905.) Action by Abraham Elkus against E. Osfer & Son.

PER CURIAM. Motion to dismiss appeal denied, on condition that the appellant perfect the appeal and bring the case on for argument at the next term. In default of compliance with this condition, the motion is granted, with costs.

ELY, Respondent, v. MODES FASHION & PATTERN CO., Appellant. (Supreme Court, Appellate Division, First Department. March 24, 1905.) Action by Arthur H. Ely against the Modes Fashion & Pattern Company. C. P. Cowles, for respondent. No opinion. Order affirmed, with costs.

In re EVANS et al. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) In the matter of Charles C. Evans, an incompetent person. No opinion. Order affirmed, with $10 costs and disbursements to the respondent, payable out of the fund of the said incompetent.

EWIN, Respondent, v. WESTERN UNION TELEGRAPH CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1905.) Action by Robert Ewin against the Western Union Telegraph Company. No opinion. Judgment and order unanimously affirmed, with costs.

FAHEY, Appellant, v. NEW YORK EDISON CO., Respondent. (Supreme Court, Appellate Division, First Department. March 24, 1905.) Action by John Fahey against the New York Edison Company. L. H. Porter, for appellant. J. Notnan, for respondent. No opinion. Judgment and order affirmed, with costs.

FAIRWEATHER, Appellant, v. BURLING, Respondent. (Supreme Court, Appellate Division, Second Department. January 27, 1905.)

Action by Eliza Fairweather against Catherine Hall Burling. No opinion. Order signed and questions certified.

**FARNSWORTH**, Appellant, v. NEW YORK CENT. & H. R. R. Co., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 15, 1905.) Action by Ralph C. Farnsworth against the New York Central & Hudson River Railroad Company. **No opinion.** Judgment affirmed, with costs.

**FERDINAND MUNCH BREWERY**, Appellant, v. HUNTER, Respondent. (Supreme Court, Appellate Division, Second Department. January 27, 1905.) Action by the Ferdinand Munch Brewery against William J. Hunter. No opinion. Judgment of the Municipal Court affirmed, with costs.

**FERRACANE**, Respondent, v. BROOKLYN ALCATRAZ ASPHALT CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1905.) Action by Samuel Ferracane against the Brooklyn Alcatraz Asphalt Company. No opinion. Motion denied.

**FINN** et al., Appellants, v. BROWN et al., Respondents. (Supreme Court, Appellate Division, First Department. February 24, 1905.) Action by Luke J. Finn and others against William L. Brown and others. J. Kearny, for appellants. H. Wetherhorn, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

**FINN** v. MANHATTAN RY. CO. (Supreme Court, Appellate Division, First Department. February 17, 1905.) Action by Annie Finn against the Manhattan Railway Company. **No** opinion. Motion denied, with $10 costs.

**FITZPATRICK**, Respondent, v. NAUGHTON CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1905.) Action by Nicholas Fitzpatrick against the Naughton Company. No opinion. Judgment and order unanimously affirmed, with costs.

**FIXMAN**, Respondent, v. TOPLITZ, Appellant. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by Ezekiel Fixman against Harry L. Toplitz. R. L. Sweezy, for appellant. E. Fixman, pro se. No opinion. Judgment and order affirmed, with costs.

**FLECKENSTEIN**, Respondent, v. FLECKENSTEIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 16, 1905.) Action by Mary A. Fleckenstein against George V. Fleckenstein, Sr., and others. No opinion. Order affirmed, with $10 costs and disbursements.

**FLETT**, Respondent, v. DIXON et al., Appellants. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by George Flett, as administrator, against Alexander Dixon and others. C. S. Petrasch, for appellants. C. Fox, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

**FLOORSHEIM** v. MUSICAL COURIER CO. (Supreme Court, Appellate Division, First Department. February 10, 1905.) Action by Otto Floorsheim against the Musical Courier Company. No opinion. Motion denied, on payment of $10 costs. See memorandum.

**FLYNN**, Respondent, v. McDERMOTT, Appellant. (Supreme Court, Appellate Division, Second Department. February 15, 1905.) Action by Paul B. Flynn, as executor of the last will and testament of Mary M. McDermott, deceased, against Michael F. McDermott, as executor of the last will and testament of John McDermott, deceased.

**PER CURIAM.** Judgment affirmed, with costs, upon the opinion of Kellogg, J., at Special Term. 89 N. Y. Supp. 506.

**HOOKER, J.,** not voting.

**FOLEY** et al., Respondents, v. LEHIGH VALLEY R. CO., Appellant. (Supreme Court, Appellate Term. March 21, 1905.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Michael F. Foley and another against the Lehigh Valley Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed. Alexander & Green (W. C. Prime, of counsel), for appellant. John H. Regan, for respondents.

**PER CURIAM.** The evidence did not justify a judgment against the defendant. The only disputed questions of fact were as to the condition of the car and the duty of the defendant to deliver the goods at the Twenty-Seventh street yard. Assuming that the car had holes in it which would admit cold and a little snow, and also assuming that the defendant should have delivered the goods at Twenty-Seventh street in the first instance, still it is not made to appear that its derelictions in either of those particulars caused the damages of which plaintiffs complain. The cabbages were bought and shipped as "frozen cabbages," and all the evidence was to the effect that such cabbages would not rot merely by being frozen, but that rotting resulted from alternate freezing and thawing. It also appears without contradiction that the weather had remained consistently cold from the time of shipment to the date of delivery at Twenty-Seventh street, and there is absolutely no evidence that the cabbages had become rotten up to the time that delivery was made at the Twenty-Seventh street yard. The defendant's liability as carrier ceased upon such delivery. and it was not responsible for any consequences resulting from plaintiffs' handling of the goods thereafter. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

**FORTY-SECOND ST. R. CO.** v. CANTOR. (Supreme Court, Appellate Division, First Department. February 24, 1905.) Action by the